IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

FATHER LASTER                                                          PLAINTIFF

v.                                                    CAUSE NO. 1:14CV14-LG-JMR

NCBC SECURITY                                                         DEFENDANT

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS FOR LACK OF JURISDICTION**

**BEFORE THE COURT** is the Motion to Dismiss for Lack of Jurisdiction [6]
filed by the defendant, NCBC Security, on March 18, 2014.  The plaintiff, Father
Laster, has not filed a response in opposition to the Motion.  After reviewing the
Motion, the record in this matter, and the applicable law, the Court finds that the
Motion to Dismiss should be granted.

**FACTS**

Laster filed this pro se lawsuit against the security department at the Naval
Construction Battalion Center Gulfport ("NCBC") on January 13, 2014.  In his
Complaint, Laster claims that NCBC used "torturous tactics" to restrain him after
he called for assistance.

NCBC has filed the present Motion to Dismiss for Lack of Jurisdiction.  In
support of its Motion, NCBC has presented an affidavit signed by Hal H.
Dronberger, who is "responsible for the supervision and monitoring of the practices
and procedures relative to all administrative claims presented to the Department of
the Navy arising under the Federal Tort Claims Act."  (Def.'s Mot., Ex. A, ECF No.
6-1).  Dronberger testifies that Laster filed an administrative claim with the

Department of the Navy on March 4, 2014.  (*Id.*)  No final action has been taken

with respect to Laster's administrative claim.  (*Id.*)  Laster has not responded or

disputed Dronberger's testimony.

## DISCUSSION

NCBC filed its Motion pursuant to Fed. R. Civ. P. 12(b)(1).

> In applying Rule 12(b)(1), the district court has the power to dismiss
> for lack of subject matter jurisdiction on any one of three separate
> bases: (1) the complaint alone; (2) the complaint supplemented by
> undisputed facts evidenced in the record; or (3) the complaint
> supplemented by undisputed facts plus the court's resolution of
> disputed facts.

*Spotts v. United States*, 613 F.3d 559, 565 (5th Cir. 2010) (internal quotation marks

omitted).  It is not necessary for this Court to resolve any disputed facts to resolve

the pending Motion.

The Federal Tort Claims Act ("FTCA") is the exclusive remedy for tort

lawsuits filed against the United States or its agencies.  28 U.S.C. § 2679(a).  The

FTCA provides:

> An action shall not be instituted upon a claim against the United
> States for money damages for injury or loss of property or personal
> injury or death caused by the negligent or wrongful act or omission of
> any employee of the Government while acting within the scope of his
> office or employment, unless the claimant shall have first presented
> the claim to the appropriate Federal agency and his claim shall have
> been finally denied by the agency in writing and sent by certified or
> registered mail.

28 U.S.C. § 2675(a).  "The exhaustion of administrative review is a jurisdictional

requisite to the filing of an action under the FTCA." *Gregory v. Mitchell*, 634 F.2d

199, 203-04 (5th Cir. 1981).

Laster filed a claim with the Department of the Navy after he filed this lawsuit.  Since the Department of the Navy has not denied his claim and has not had sufficient time to review or investigate his claim, any federal common law tort claims filed by Laster must be dismissed for lack of subject matter jurisdiction.

To the extent that Laster may have asserted claims against NCBC pursuant to the civil rights statutes, those claims must also be dismissed.  The Fifth Circuit "has long recognized that suits against the United States brought under the civil rights statutes are barred by sovereign immunity." *Affiliated Prof'l Home Health Care Agency v. Shalala*, 164 F.3d 282, 286 (5th Cir. 1999).  As a result, any civil rights claims filed by Laster are barred by the doctrine of sovereign immunity.

Finally, to the extent that Laster may have asserted constitutional tort claims, those claims are also barred by the doctrine of sovereign immunity.  *See F.D.I.C. v. Meyer*, 510 U.S. 471, 478 (1994) (holding that the United States has not waived its immunity as to constitutional tort claims under the FTCA); *Shabazz v. City of Houston*, No. 12-20312, 515 F. App'x 263, 264 (5th Cir. Feb. 25, 2013) (noting the court's inability to find any authority suggesting that the United States has waived its immunity as to constitutional tort claims).

## CONCLUSION

For the foregoing reasons, the Court finds that Laster's claims against NCBC should be dismissed for lack of subject matter jurisdiction.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Motion to Dismiss for Lack of Jurisdiction [6] filed by the defendant, NCBC Security, is **GRANTED**.  This lawsuit is hereby **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

**SO ORDERED AND ADJUDGED** this the 10th day of April, 2014.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE

-4-